```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF

      v.            Case No. 07-30008

PHASUNG LU BACCAM                                     DEFENDANT
```

### ORDER

Currently before the Court is Defendant's Motion to Dismiss Indictment (Document #8) and the Government's Response (Document #9) in opposition.  The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1.  The indictment in this case charges that on or between July 2007 and September 28, 2007, the defendant violated 18 U.S.C. § 2250 by failing to register as a sex offender and/or update his registration as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, *et seq.*

2.  According to the Government, the following events led to the defendant's indictment:

    \*  In 1996, the defendant was convicted in the State of California for violating Section 647.6(a) of the California Penal Code, based upon his sexual contact with a female minor.  The defendant's conviction required him to register for a lifetime

period as a sex offender.  The defendant signed notification forms regarding his registration requirements.

　　* On September 28, 2007, the defendant was arrested in Madison County, Arkansas for traffic violations.  Upon investigation, it was discovered that the defendant had been living in Berryville, Arkansas for two to three months.

　　* As of October 1, 2007, the defendant had failed to register with the State of Arkansas as a sex offender.

　　3.  The defendant now moves to dismiss the indictment, arguing that application of SORNA would violate the Ex Post Facto Clause.  Neither the Eight Circuit Court of Appeals nor any of its sister circuits has addressed the issue of whether the retroactive application of SORNA's registration requirements violates the Ex Post Facto Clause.  However, the majority of district court decisions on this issue, including several from this district, have held that SORNA is not an ex post facto law. See United States v. Marcantonio, 2007 W.L. 2230773, at *1 (W.D. Ark. July 31, 2007); United States v. Markel, 2007 W.L. 1100416, at *1-2 (W.D. Ark. Apr. 11, 2007); United States v. Payne, Case No. 07-20002 (W.D. Ark. Feb. 26, 2007); Unites States v. Gonzales, 2007 W.L. 2298004, at *10 (N.D. Fla. Aug. 9, 2007); Unites States v. Mason, 2007 W.L. 1521515, at *4-5 (M.D. Fla. May 22, 2007); United States v. Templeton, 2007 W.L. 445481, at *5

(W.D. Okla. Feb. 7, 2007); United States v. Madera, 474 F.Supp.2d 1257, 1262-64 (M.D. Fla. Jan. 16, 2007).

These decisions have relied upon the reasoning in Smith v. Doe, 538 U.S. 84 (2003), in which the Supreme Court upheld the retroactive application of an Alaska sex offender registration law.  Failure to register under the Alaska law carried a criminal penalty, just as 18 U.S.C. § 2250 does for failure to register under SORNA.  The Supreme Court held, however, that the Alaska registration law was nonpunitive, and that its retroactive application, therefore, did not violate the Ex Post Facto Clause. The Court reasoned that the registration scheme was designed to protect the public from sex offenders and that an imposition of restrictive measures on sex offenders adjudged to be dangerous was a legitimate nonpunitive governmental objective.  Id. at 93-97.

This Court, like the majority of others that have addressed the issue, finds that the rationale applied by the Supreme Court in Smith in analyzing the retroactive application of the Alaska registration law likewise applies to the retroactive application of SORNA.  The Court, therefore, concludes that the retroactive application of SORNA does not violate the Ex Post Facto Clause.

4.  The defendant next argues that he was never notified of the requirement to register under SORNA, as required by SORNA's own provisions, so he could not have knowingly failed to register

under § 2250. This argument has likewise been rejected by the majority of district courts to address the issue. See Marcantonio, 2007 W.L. 2230773, at *1-2; Markel, 2007 W.L. 1100416, at *2; Payne, Case No. 07-20002; Manning, 2007 W.L. 624037, at *2; Gonzales, 2007 W.L. 2298004, at *2-4; United States v. Hinen, 487 F.Supp.2d 747, 754 (W.D. Va. 2007); United States v. Roberts, 2007 W.L. 2155750, at *2 (W.D. Va. July 27, 2007).

In the present case, the defendant was advised in writing of his obligation to register as a sex offender under California law. The defendant was also advised that he would be required to comply with sex registration requirements outside the State of California, should he relocate. As explained in Marcantonio:

> A violation of SORNA requires that a defendant knowingly fail to register or update a registration. A defendant can violate [SORNA] by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law.

Id. at *2. Thus, the defendant's notice of his registration requirements under California law is sufficient to support a charge that he knowingly violated SORNA.

5. Based on the foregoing, the Court concludes that the defendant's Motion to Dismiss (Document #8) is without merit. Accordingly, the motion is hereby **DENIED**.

**IT IS SO ORDERED** this the 8th day of January 2008.

                                              <u>**/s/ Jimm Larry Hendren**</u>
                                              **JIMM LARRY HENDREN**
                                              **UNITED STATES DISTRICT JUDGE**